UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELUCIUS SKY,<br><br>    Plaintiff,<br><br>    v.<br><br>SEATTLE SPECIAL DENTISTRY, et al.,<br><br>    Defendants. | Case No. 20-CV-1669RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On November 9, 2020, plaintiff filed a complaint in this Court seeking various forms of relief from defendants for allegedly failing to provide him with his medical records. Dkt. # 1. Plaintiff asserts that the Court has subject-matter jurisdiction because "in this case is a federal question pursuant to HIPAA, 45 CFR Part 160 and Subparts A and E of Part 164.524." Dkt. # 1 at 2.

The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction, In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008), and the Court may *sua sponte* consider the issue of subject-matter jurisdiction at any time during the proceeding, Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arise[s] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

ORDER TO SHOW CAUSE - 1

question of federal law." <u>Cook Inlet Region, Inc. v. Rude</u>, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 689–90 (2006)). Where there is no federal private right of action, however, "federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331." <u>Webb v. Smart Document Sols., LLC</u>, 499 F.3d 1078, 1083 (9th Cir. 2007). It is well settled law that the Health Insurance Portability and Accountability Act (HIPAA) does not create a private cause of action. <u>Id.</u> at 1082. Given that plaintiff's only asserted basis for subject-matter jurisdiction is "a federal question pursuant to HIPAA," Dkt. # 1 at 2, it appears that there is no valid basis for federal jurisdiction over this matter.

     For these reasons, plaintiff is ORDERED TO SHOW CAUSE on or before December 4, 2020, why the Court should not dismiss this action for lack of subject-matter jurisdiction. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for December 4, 2020.

     DATED this 17th day of November, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 2