UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELUCIUS SKY,<br><br>           Plaintiff,<br><br>      v.<br><br>SEATTLE SPECIAL DENTISTRY, et al.,<br><br>           Defendants. | Case No. 20-CV-1669RSL<br><br>ORDER DISMISSING CASE<br>AND DENYING MOTION<br>FOR LEAVE |

This matter comes before the Court on "Plaintiff's Motion for Leave of Court to Exhaust All Available Process and to then Amend the Complaint." Dkt. # 8. On November 17, 2020, the Court found that the complaint in the above-captioned matter appeared to not have a valid basis for federal jurisdiction because HIPAA does not create a private cause of action. Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1083 (9th Cir. 2007). Plaintiff was ordered to show cause why the complaint should not be dismissed. Dkt. # 4. Plaintiff requested that this Court "expand existing law and find an implicit right to a private cause of action within the explicit right to his dental records pursuant to HIPAA, 45 CFR Par 160 and Subparts A and E of Part 164.524." Dkt. # 7. Plaintiff also filed a motion for leave "to exhaust all available process through the U.S. Department of Health and Human Services [HHS] and to then amend his complaint with specifics as to why the Court should recognize subject matter jurisdiction in this case and cases

ORDER DISMISSING CASE AND DENYING
MOTION FOR LEAVE - 1

like it."[1] Dkt. # 8. Plaintiff's proposal to exhaust all available process through HHS is unavailing because exhaustion would not create a private cause of action where no cause of action otherwise exists under Ninth Circuit precedent.[2] See Webb, 499 F.3d at 1083. Therefore, this Court must determine that plaintiff's complaint has not triggered subject-matter jurisdiction.

For these reasons, the plaintiff's motion for leave (Dkt. # 8) is DENIED, and IT IS HEREBY ORDERED that the above-captioned matter be DISMISSED without prejudice.

DATED this 4th day of January, 2021.

Robert S. Lasnik
United States District Judge

---

[1] After plaintiff filed his motion for leave, plaintiff filed "Plaintiff's Certificate of Completion," stating that on December 2, 2020, plaintiff requested a formal investigation by the Office for Civil Rights (OCR) of his complaint against defendant. Dkt. # 9. Notably, the letters plaintiff provided from OCR and HHS indicated that OCR had previously decided to resolve the matter informally and had closed the case. See Dkts. # 9-1, 9-2.

[2] This Court is not free to overrule Ninth Circuit precedent. See Close v. Pierce Cty., CV-09-05023RBL, 2009 WL 3877598, at *4 (W.D. Wash. Nov. 18, 2009).

ORDER DISMISSING CASE AND DENYING
MOTION FOR LEAVE - 2